# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1998 SESSION



**FILED**

**July 14, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9709-CC-00361** |
| Appellee, | ) | |
| | ) | **FAYETTE COUNTY** |
| VS. | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **RALPH MILLER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:           FOR THE APPELLEE:


**GARY ANTRICAN**
District Public Defender

**SHANA C. McCOY-JOHNSON**
Asst. Public Defender
P.O. Box 700
Somerville, TN 38068

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Counsel for the State
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General
302 Market St. East
Somerville, TN 38068


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted for felony escape, a Class E felony. He pled guilty, and the trial court sentenced him as a Range III career offender. In this appeal as of right, the defendant contends that the State failed to prove he qualified for sentencing as a Range III career offender. We affirm.

In seeking enhanced sentencing for the defendant, the State relied upon T.C.A. § 40-35-108(a)(3), which provides for sentencing as a career offender if the defendant's current offense is a Class D or E felony and he has at least six prior felony convictions of any classification. In its notice of intent to seek enhanced punishment, the State listed convictions for nine prior felony offenses. The presentence report recites these same convictions plus two others. Although both parties acknowledge that a sentencing hearing was held, the record on appeal does not include a transcript of the sentencing hearing. The record on appeal does include two "exhibits," which include certified copies of court records from less than six prior convictions, but without a transcript, it is unclear whether these documents were introduced into evidence or otherwise used in sentencing the defendant.

The essence of the defendant's argument is that the State has failed to sufficiently prove that the defendant has the six prior felony offenses necessary to justify career offender sentencing under T.C.A. § 40-35-108(a)(3). The defendant's argument must fail, however, as he has not shown reversible error from the record.

When the State is seeking an enhanced sentence for a defendant, the State may prove a defendant's prior convictions by entering into evidence certified copies of the

2

court records of the prior convictions.  <u>See</u> T.C.A. § 40-35-202; Tenn. R. Evid. 902(4). However, the State need not prove a prior conviction in that manner if the prior conviction "is set forth in the presentence report and it is not contradicted."  <u>State v. Roland Hayes Edmonds</u>, C.C.A. No. 03C01-9308-CR-00291, Hamilton County (Tenn. Crim. App. filed January 27, 1995, at Knoxville).  The presentence report filed in this case attributes enough prior felony convictions to the defendant to justify career offender status under § 40-35-108(a)(3), but without a transcript of the sentencing hearing, this Court cannot discern whether the defendant contradicted the information contained in the presentence report.  Without a sufficient record, then, we must presume that the trial court did not err in sentencing the defendant as a career offender.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
THOMAS T. WOODALL, Judge

3